```
1   ROBERT S. GIANELLI #82116
2   JOSHUA S. DAVIS #193187
    ALEXANDRA H. GIANELLI #324246
3   GIANELLI & MORRIS, A Law Corporation
    550 South Hope Street, Suite 1645
4   Los Angeles, CA 90071
5   Tel: (213) 489-1600; Fax: (213) 489-1611
    rob.gianelli@gmlawyers.com
6   joshua.davis@gmlawyers.com
7   alex.gianelli@gmlawyers.com
8
    Attorneys for Plaintiffs
9   NERSES ANTAPLYAN; SARKIS CHRISTOPHER
    ANTAPLYAN; JAMES ZOHRAB ANTAPLYAN;
10  NICHOLAS ANDREW ANTAPLYAN
11  [Additional Counsel Listed on Signature Page]
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NERSES ANTAPLYAN; SARKIS CHRISTOPHER ANTAPLYAN; JAMES ZOHRAB ANTAPLYAN; NICHOLAS ANDREW ANTAPLYAN,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSAMERICA PREMIER LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:22-cv-08117 GW (JEMx)<br><br>Honorable John E. McDermott<br>United States Magistrate Judge<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: Nov. 07, 2022 |

1

Subject to the approval of this Court, Plaintiffs Nerses Antaplyan, Sarkis Christopher Antaplyan, James Zohrab Antaplyan, and Nicholas Andrew Antaplyan and Defendant Transamerica Premier Life Insurance Company (collectively, the "Parties"), by and through their respective counsel of record, hereby stipulate to the following protective order:

**1.    A.    PURPOSES AND LIMITATIONS**

Disclosure and discovery in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order").  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Paragraph 4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.  Nothing in this order shall limit the testimony of Parties or non-parties, or the use of certain documents, at any court hearing or trial.  Such determinations will only be made by the Court at the hearing or trial, or upon an appropriate motion.

**B.    GOOD CAUSE STATEMENT**

The Parties acknowledge that information produced in discovery, regardless of its designation under this Order, may contain personally identifiable information or health information subject to the protections of, *inter alia*, the Health Insurance Portability and Accountability Act of 1996, the applicable requirements of the Standards for Privacy of Individually Identifiable Health Information and its

1 implementing regulations issued by the U.S. Department of Health and Human
2 Services (45 C.F.R. Parts 160-64; HIPAA Privacy Regulations), and California Civil
3 Code §§ 56 *et seq*., and 1798.82 *et seq*., which protect the confidentiality of
4 personally identifiable personal and health information.  Discovery may also involve
5 trade secrets, customer and pricing lists and other valuable research, development,
6 commercial, financial, technical and/or proprietary information for which special
7 protection from public disclosure and from use for any purpose other than prosecution
8 of this Action is warranted.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled or required to keep confidential, to ensure that the Parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the Action, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.     DEFINITIONS**

2.1     <u>Acknowledgement</u>:  The "Acknowledgement and Agreement to be Bound" form attached to this Order as Exhibit A.

2.2     <u>Action:</u>  *Nerses Antaplyan, et al. v. Transamerica Premier Life Insurance Company*, Case No. 2:22-cv-08117 GW (JEMx).

2.3     <u>Challenging Party:</u>  A party or non-party that challenges the designation of information or items under this Order.

2.4 <u>Designating Party:</u>  A party or non-party that designates information or items that it produces or that are produced in disclosures or in response to discovery as "CONFIDENTIAL."

2.5 <u>Party:</u>  Any party to this Action, including its officers, directors, employees, consultants, retained experts, in-house counsel, and outside counsel of record (and their respective support staff).

2.6 <u>Producing Party:</u>  A Party or non-party that discloses or produces information in this Action.

2.7 <u>Receiving Party:</u>  A Party that receives information from a Producing Party.

3. **DESIGNATION OF "CONFIDENTIAL MATERIAL"**

3.1 For purposes of this Stipulated Protective Order, "Confidential Material" includes the following types of documents and information:

    a. information that is proprietary or constitutes a trade secret, including, without limitation, information, materials, and other documents reflecting non-public business or financial strategies and confidential competitive information that, if disclosed, could result in prejudice or harm to the disclosing party;

    b. non-public financial or business information;

    c. information that is otherwise generally unavailable to the public;

    d. policyholder-specific information, including private medical information of the policyholder or third parties.

3.2 Any copies or reproductions, excerpts, summaries, or other documents or media that contain or incorporate Confidential Material as defined above will also be treated as Confidential Material under this Order.

3.3 Nothing in this Stipulated Protective Order will be construed as requiring Defendant to produce any personal or identifying information regarding any individual or any other policyholder, nor policyholder information that is protected from disclosure under applicable state or federal law.

3.4  A Party or nonparty may designate documents or information as "Confidential Material" as follows:

a.  In the case of documents and information contained in documents, designation must be made by prominently placing the following legend on each page of the document before production:

**"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" OR "CONFIDENTIAL"**

b.  In the case of discovery responses and information contained in discovery responses, designation must be made by (i) placing a statement at the start or end of the responses specifying that the responses, or part of the responses, are designated Confidential Material, and (ii) placing the following legend on each page (including the caption page) of any discovery response containing designated Confidential Material:

**"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" OR "CONFIDENTIAL"**

c.  In the case of depositions and hearings, designation of the portions of the transcript (including exhibits) that contain Confidential Material must be made by the Designating Party by: (i) making a statement to that effect on the record in the course of the deposition or hearing; or (ii) sending a letter to all counsel within the time permitted for the review and signing of the deposition by the witness (in the event of a deposition) or within 45 days of receipt of the transcript of the hearing (in the event of a hearing).  Once designated, the original and each copy of the transcript that contains Confidential Material must bear (or must be modified by counsel to bear) the following legend on its cover:

**"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" OR "CONFIDENTIAL"**

4. **USE AND DISCLOSURE OF CONFIDENTIAL MATERIAL**

4.1 Confidential Material may be used solely for purposes relating to the prosecution, defense, appeal, or settlement of this Action and not for any other purpose whatsoever. For purposes relating to the prosecution, defense, appeal, or settlement of this Action, Confidential Material may be used by, copied by, exhibited to, or disclosed to the following persons or entities only:

    a. The Parties to this Action, including officers, directors, employees, or third-party administrators to whom disclosure is reasonably necessary;

    b. The Parties' in-house and outside counsel and their respective employees;

    c. Any witness from whom testimony is taken or will be taken in this Action, except that the witness may be shown copies of Confidential Material only during his or her testimony and in preparation for the testimony, and only to the extent relevant to the testimony. The witness may not retain any Confidential Material;

    d. Consultants, experts, translators/interpreters, and investigators employed by the Parties or their attorneys in the prosecution or defense of any aspect of this Action;

    e. Court reporters used in connection with this Action and their employees;

    f. The jury, if any, in the trial of this case;

    g. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the Parties engaged in settlement discussions; and

    h. The Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial, or other proceeding in this Action or any appeal therefrom.

4.2. No disclosure may be made to any person under Paragraphs 4(c), (d), (e), and (g) until that person has executed an "Understanding and Agreement" in the form attached as Exhibit A. With respect to consultants, experts, translators/interpreters, and investigators employed by the Parties to this Action, Exhibit A must be fully executed by the consultant, expert, translators/interpreters, or investigator and retained by counsel for the party employing the consultant, expert, translators/interpreters, or investigator. In the event that any consultant, expert, translators/interpreters, or investigator employed by the Parties to this Action ceases to be engaged in the preparation of this Action, access by such person to discovery material designated as Confidential shall be terminated. Any such material in the possession of any such person shall be returned or destroyed, and any such person shall submit a written certification affirming that no copies, abstracts, compilations, summaries, or any other format of the material have been retained. The provisions of this Order and the obligations not to disclose any portions of such material shall remain in full force and effect as to all such persons.

4.3. All persons described in Paragraphs 4(a) through (g) above are prohibited from disclosing any portion of Confidential Material to any other person, or from using any information obtained from the Confidential Material, except as permitted by this stipulation.

4.4. Nothing in this Stipulated Protective Order prevents the use of information that is publicly available.

4.5. Any motion papers, briefs, memoranda, affidavits, declaration, exhibits, transcripts, or other papers filed with the Clerk of the Court that contain any Confidential Material must be accompanied by an application to file the papers – or the confidential portion thereof – under seal in compliance with Local Rule 79-5. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

4.6. If any party or nonparty bound by this Stipulated Protective Order intends to disclose, discuss, or otherwise refer to any Confidential Material in open court at any hearing or trial, that person must notify the Court, the Designating Party, and all other Parties to this Action of its intention to do so, and must not disclose, discuss, or otherwise refer to the Confidential Material until permitted by the Court.

## 5. INADVERTENT FAILURE TO DESIGNATE CONFIDENTIAL MATERIAL

5.1 A party's inadvertent failure to designate disclosed materials as Confidential Material does not waive its right to do so and may be remedied by prompt written notice upon discovery of the error, in which case the material in question will be subject to the protections of this Order.

5.2 The inadvertent, unintentional, or *in camera* disclosure of Confidential Material shall not be deemed a waiver in whole or in part of any party's claims of confidentiality.

## 6. INADVERTENT DISCLOSURE OF INFORMATION SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE, WORK PRODUCT PROTECTIONS, OR OTHER PRIVILEGES OR IMMUNITIES

6.1 Pursuant to Federal Rule of Evidence § 502(d), the production and/or disclosure of information containing material subject to a claim of attorney-client privilege, work product protection, or other privileges or immunities shall not constitute a waiver of the attorney-client privilege, work product protection, or other privileges or immunities applicable to such material, in this or any other proceeding, unless (a) the production or disclosure was made with the expressed intent by the producing party to waive the attorney-client privilege or work product protection or (b) the party making the production or disclosure has affirmatively used or relied on the specific material that is subject to the claim of attorney-client privilege or work product protection.

6.2 When a Producing Party provides notice to a Receiving Party that information subject to a claim of attorney-client privilege, work product protection, or

8

other privileges or immunities has been inadvertently disclosed and/or produced, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure § 26(b)(5)(B).

6.3     In the event that only portions of the information or document that has been inadvertently disclosed or produced contains privileged subject matter, the Producing Party shall substitute a redacted version of the document at the time of making the request for the return of the requested document.

**7.     CHALLENGING DESIGNATION OF CONFIDENTIAL MATERIAL**

7.1     A party is not obligated to challenge the propriety of a confidentiality designation at the time it is made.  Failure to do so does not preclude a subsequent challenge to the designation.  In the event of a dispute regarding the designation of confidential information, the procedure for obtaining a decision from the Court is set forth in Local Rule 37.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, *et seq.*  Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the designation until the Court rules on the challenge.

**8.     INADVERTENT DISCLOSURE OF CONFIDENTIAL MATERIAL**

8.1     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom authorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Acknowledgement.

8.2    Nothing herein shall be deemed to waive any applicable privilege or work product protection, nor shall an inadvertent disclosure of material protected by privilege or work product protection constitute a waiver of such privilege or protection.

## 9.    UNRESTRICTED USE OF CERTAIN INFORMATION

9.1.    Notwithstanding anything to the contrary in this Stipulated Protective Order, any party may use the following documents or information without restriction, regardless of whether they have been designated as Confidential Material:

   a.    its own documents or information;

   b.    documents that the party has previously received or sent, including final versions of letters and emails listing the party as a recipient or sender; and

   c.    documents or information developed or obtained independently of discovery, including party and non-party discovery, in this Action.

## 10.    FINAL DISPOSITION

10.1    Within sixty days of final disposition of this Action, or sooner if so ordered by this Court, counsel for the Receiving Party of any Confidential Material must return all Confidential Material (including all copies) to counsel for the Designating Party and/or destroy such material, and in either case must submit a written certification to the Designating Party by the sixty day deadline that (a) identifies (by category, where appropriate) all the Confidential Material that was returned or destroyed and (b) affirms that the Receiving Party of the Confidential Material has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trial, or reviews of this Action,

including the time limits for filing any motions or applications for extensions of time pursuant to applicable laws.

10.2   Once a case proceeds to trial, information that was designated as "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" or maintained pursuant to the terms of this Stipulated Protective Order that was used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the district judge in advance of the trial.  *See, e.g., Evo Brands, LLC v. Al Khalifa Grp. LLC*, No. 2:22-cv-03909-AB-MAR, 2022 WL 14744622, at *3 (C.D. Cal. Oct. 24, 2022); *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995); *San Jose Mercury News, Inc. v. U.S. District Court - Northern District*, 187 F.3d 1096, 1102 (9th Cir. 1999); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery and attached to non-dispositive motions from "compelling reasons" standard when merits-related documents are part of the judicial record).  Accordingly, for such materials, the terms of this Stipulated Protective Order do not extend beyond the commencement of the trial.

**11.   MISCELLANEOUS**

11.1   If any party has obtained Confidential Material under the terms of this Stipulated Protective Order and receives a request to produce such Confidential Material by subpoena or other compulsory process commanding the production of such Confidential Material, the party must promptly (within 2 business days) notify the Designating Party via electronic mail.  The notice shall identify the Confidential Material sought, the date set for the production of such subpoenaed information, and unless prohibited by applicable law, a copy of the subpoena or other compulsory process so that the Designating Party, at its sole expense, may take such action as it deems fit to control dissemination of the Confidential Material.  If an application for a

protective order is made promptly and before the return date, the party shall not produce such Confidential Material prior to receiving a court order or the consent of the Designating Party.  In the event that Confidential Material is produced to a non-party to this Order, that material shall still be treated as Confidential Material by the Parties to this Order.

      11.2   This Stipulated Protective Order applies with equal force to any and all copies, extracts, compilations, summaries, and oral recitation of Confidential Material.

      11.3   By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

      11.4   Nothing in this Stipulated Protective Order shall prevent a party from seeking modification of this Order.  However, the terms of this Stipulated Protective Order cannot be modified without the Court's approval.

**IT IS SO STIPULATED.**

DATED: February 22, 2023        GIANELLI & MORRIS

                                          By:  /s/ Alexandra H. Gianelli
                                                 ROBERT S. GIANELLI
                                                 JOSHUA S. DAVIS
                                                 ALEXANDRA H. GIANELLI
                                                 Attorneys for Plaintiffs

DATED: February 22, 2023                McDOWELL HETHERINGTON LLP

By:   /s/ Renee T. Wilkerson
      Jarrett E. Ganer
      Thomas F.A. Hetherington
      Renee T. Wilkerson

      Vivian I. Orlando
      MAYNARD COOPER & GALE LLP
      10100 Santa Monica Boulevard,
      Suite 550
      Los Angeles, CA 90067

      Attorneys for Defendant
      TRANSAMERICA PREMIER LIFE
      INSURANCE COMPANY

## Attestation

I, Alexandra H. Gianelli, attest that all other signatories listed, and on whose behalf this document is submitted, concur in the filing's content and have authorized the filing.

                    /s/ Alexandra H. Gianelli
                    ALEXANDRA H. GIANELLI

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: 2/22/2023            _/s/ John E. McDermott_____
                            Honorable John E. McDermott
                            United States Magistrate Judge

13

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [**date**] in the case of *Antaplyan et al v. Transamerica Premier Life Insurance Company,* U.S. District Court Case No. 2:22-cv-08117 GW (JEMx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____